UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Matthew Kiman

   v.                             No. 01-cv-134-JD
                                    Opinion No. 2007 DNH 009

New Hampshire Department
of Corrections, et al.


O R D E R

This case returns to the court following remand from the First Circuit.  See Kiman v. N.H. Dep't of Corr., 451 F.3d 274, 291-92 (1st Cir. 2006) ("Kiman II") (vacating Kiman v. N.H. Dep't of Corr., 2005 WL 3704277 (D.N.H. 2005) and remanding).

Matthew Kiman, a victim of amyotrophic lateral sclerosis ("ALS"), brought this suit in 2001 alleging, inter alia, that the defendants had violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, by failing to reasonably accommodate his disability.  Following dismissal of the action, proceedings before the First Circuit, and a remand from the United States Supreme Court, see id. at 280-81 (providing the full procedural history), this court ultimately granted the defendants' motion for summary judgment, concluding that the undisputed facts demonstrated that the defendants had reasonably accommodated Kiman's disability.  Finding no violation

of the ADA, the court did not consider whether Kiman's suit is barred by Eleventh Amendment sovereign immunity. The court further declined to exercise supplemental jurisdiction over Kiman's state law negligence claims. Kiman appealed.

The First Circuit upheld part of the court's summary judgment ruling. The circuit agreed that Kiman had not established that the defendants' diagnosis and treatment of his condition "were so unreasonable as to demonstrate that they were discriminating against him because of his disability." Id. at 285. The circuit also agreed that Kiman had failed to establish that the defendants violated the ADA by denying him the use of his cane during two specific periods of his incarceration and by denying his request for a particular dining accommodation. See id. at 285-86.

The First Circuit held, however, that this court erred by failing to consider admissible evidence, "that may create a genuine issue of material fact," with respect to four other claims: (1) the failure of corrections officers to provide Kiman with consistent access to the medicine prescribed for his condition; (2) the failure of corrections officers to honor his "shower chair pass"; (3) the failure of corrections officers to honor his "front cuff pass;" and (4) the failure of corrections officers to respond to his request for a "lower tier" cell

assignment and to his complaint that his "bottom bunk pass" was not being honored. Id. at 286-90. The circuit additionally concluded that this court needs to resolve three other issues before rendering a decision on summary judgment.

First, the circuit noted that Kiman had sued the warden, the corrections officers, and the prison medical personnel individually and in their official capacities. Id. at 290. Without taking a stance, the circuit pointed out that several other circuits had ruled that Title II does not provide for suits against state officials in their individual capacities, and further noted that, although Kiman had represented at one point in the proceedings that he would drop his individual capacity claims, he had not followed through on that assurance. Id. The circuit instructed this court that, if it finds that the defendants can be sued individually, it will then need to conduct "a discrete analysis of their respective roles in the four claims" to determine who may be held liable for which claims. Id.

Second, the circuit pointed out that Kiman may not have properly exhausted his administrative remedies. See id. ("It is an open question whether Kiman must have formally complied with the prison's grievance procedure, in addition to any informal complaints made to prison guards and staff, in order to pursue

claims of Title II violations against the prison."). In light of the potential tension between the modification request requirement of Title II and the Eighth Amendment standard for preserving a claim, the circuit cautioned this court to consider the issue with care. See id. at 291.

Third, the circuit noted that this court will need to address the question of sovereign immunity. See id. The circuit instructed this court to "determine, on an issue-by-issue basis, 'to what extent [the alleged Title II violations] also violated the Fourteenth Amendment' and 'insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.'" Id. (quoting United States v. Georgia, 546 U.S. 151, 126 S. Ct. 877, 882 (2006)).

Finally, the circuit noted that, if any of Kiman's Title II claims ultimately survive summary judgment, this court will be required to assess his state law claims. Id. Although the circuit held that the court's previous summary judgment ruling was premature, it declined to intimate any view as to how this court should ultimately rule on the defendants' motion. Id. The circuit opinion, which notably upheld this court's consideration of the defendants' summary judgment motion notwithstanding

Kiman's argument that he had not been afforded sufficient discovery, see id. at 282 n.7, does not invite a reopening of the record.  Thus, the court considers discovery to be closed.  Short of a proper and meritorious motion seeking further specific discovery, and a stay of the summary judgment proceedings, the court will not consider any new evidence in support of or against the defendants' motion for summary judgment.

   The court does, however, invite new briefing and legal argumentation addressing the issues outlined above.  With regard to the sovereign immunity question, the parties should also consult the First Circuit's recent decision in Toledo v. Sánchez, 454 F.3d 24 (1st Cir. 2006).  If any of Kiman's Title II claims do not amount to constitutional violations, Kiman will need to establish that Congress's purported abrogation of sovereign immunity in those circumstances is nevertheless valid as a prophylactic measure under § 5 of the Fourteenth Amendment.  Toledo outlines the First Circuit's approach to such an analysis.  See id. at 34-40.  The parties may also present argumentation on the state law claims, which this court may now be required to address.

Conclusion

In accordance with the First Circuit's decision in <u>Kiman II</u>, this court's order of May 25, 2005 (document no. 64), granting summary judgment to the defendants and dismissing the plaintiff's state law claims, is vacated.  The defendants' motion for summary judgment (document no. 41) remains pending.  The defendants may file a new memorandum in support of their motion for summary judgment by March 9, 2007.  The plaintiff may file a new memorandum in opposition to the motion for summary judgment by April 23, 2007.  A reply and a motion for leave to file a surreply may thereafter be filed in accordance with Local Rule 7.1(e).

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

January 24, 2007

cc:  Mary E. Maloney, Esquire
     Nancy Sue Tierney, Esquire