UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Matthew Kiman

    v.                                                Civil No. 01-cv-134-JD

New Hampshire Department
of Corrections, et al.


O R D E R

The defendants move for reconsideration of the court's order granting in part and denying in part their motion for summary judgment. They contend that the court erroneously concluded that a material factual dispute remained as to whether they had received adequate notice that Matthew Kiman was not assigned a bottom bunk as required by his bunk pass and that the state waived sovereign immunity. Kiman objects to the defendants' motion.

To succeed, a party moving for reconsideration must show a manifest legal or factual error in the judgment, present newly discovered evidence, or demonstrate an intervening change in the law. Jorge Rivera Surillo & Co. v. Falconer Glass Indus., 37 F.3d 25, 29 (1st Cir. 1994). Putting the defendants' motion into that context, they argue that the court made a manifest factual error in finding evidence that Kiman notified them that his bunk pass was not being honored and that the court made a legal error

in failing to understand that their motion did not waive the issue of sovereign immunity.

The issue of Kiman's bunk assignment is whether the defendants were put on notice that, despite issuing a bottom bunk pass to Kiman, they assigned him to sleep in a top bunk.  In the previous order, the court interpreted a grievance Kiman filed on January 8, 1999, as saying that he had to be helped into his bunk by other inmates, as notice of his need for a lower bunk assignment.  The defendants assert that the January 8 grievance does not provide notice of Kiman's bunk assignment.  In response, Kiman says he would not have needed help to get into his bunk if it were a bottom bunk.

In the January 8 grievance, Kiman stated that he had not received medical treatment or therapy for 106 days.  He wrote that he needed a handicap accessible shower, that he had been having seizures and cramping, and that he had fallen in the shower.  He continued that after he fell in the shower due to muscle cramping, he "had to be helped by two inmates to [his] bunk and still lay in immobile condition on [his] bunk."  The grievance does not say that he was assigned to a top bunk or that he needed assistance to get into his bunk – – only that he needed assistance to get from the shower, where he had fallen, to his bunk.

Kiman contends that he made repeated requests for a bottom bunk assignment and cites generally to his deposition testimony to support that assertion.  In the absence of specific references to deposition testimony, Kiman has not provided an alternative source of evidence that he provided notice to the defendants that his bottom bunk pass was not being honored.  The court has reviewed the deposition testimony that was referenced and did not find any testimony that he notified the defendants that his bottom bunk pass was not being honored.  Therefore, it appears that the court's conclusion that a factual dispute existed as to notice of the defendants' failure to honor the bottom bunk pass was based on a factual error.

With respect to the issue of whether the defendants waived sovereign immunity, they acknowledge repeated directions from the First Circuit and this court to address a sovereign immunity defense to Kiman's Title II claim.  They contend that they moved for summary judgment on the merits of the Title II claim and did not address sovereign immunity, based on the analysis in Toledo v. Sanchez, 454 F.3d 24 (1st Cir. 2006).  In Toledo, however, the defendant, the University of Puerto Rico, raised a sovereign immunity defense in a motion to dismiss, which the district court granted.  Id. at 29.  On appeal, the court set forth the order in which issues are addressed for purposes of a motion to dismiss a

Title II claim based on a sovereign immunity defense under <u>United States v. Georgia</u>, 126 S. Ct. 877 (2006).  <u>Id.</u> at 31.  The case also details the substantive analysis of a sovereign immunity defense to a Title II claim, in the context of public education. <u>Id.</u> at 32-40.  Nowhere in <u>Toledo</u> did the court instruct state litigants to ignore a sovereign immunity defense in favor of arguing the case on the merits.  Therefore, the court's conclusion that the defendants waived the sovereign immunity defense was not based on legal or factual error.

<u>Conclusion</u>

For the foregoing reasons, the court grants the defendants' motion for reconsideration (document no. 98) with respect to the plaintiff's Title II claim based on the defendants' failure to honor his bottom bunk pass and otherwise denies the motion.  The defendants are entitled to summary judgment on the bottom bunk claim.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

September 13, 2007

cc:  Mary E. Maloney, Esquire
     Nancy Sue Tierney, Esquire