```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Matthew Kiman

    v.                                  Civil No. 01-cv-134-JD

N.H. Department of Corrections


O R D E R

In anticipation of trial, which is scheduled for the period beginning on March 18, 2008, the parties have filed pretrial materials including several motions in limine.  The New Hampshire Department of Corrections ("DOC") moves to exclude certain testimony and documentary evidence regarding claims that have been resolved, which the DOC expects Matthew Kiman to use to show that the DOC had notice of his need for a lower tier cell with handicap modifications.  The DOC asserts that the issue of notice on that claim remains disputed.  Kiman has not yet filed a response to the motion.

To avoid confusion with respect to the issues that remain for trial, the court clarifies the order granting in part the DOC's motion for summary judgment, issued on August 1, 2007, as follows.  In that order, the court held that Kiman had established that the DOC had notice of his disability and his need for modifications to address the inconsistent delivery of his medications and the failure of corrections officers to honor

his front cuff pass.  See Order at 30-31.  With respect to the DOC's notice of Kiman's asserted need for housing on a lower tier and in a modified cell, the court concluded that Kiman's disability was obvious and that DOC officials were well aware of his immobility.  See Order at 30-32.  The degree of Kiman's disability at that time and whether the DOC violated Title II of the ADA by failing to provide the modifications Kiman claims he needed, however, are disputed issues for trial.  Therefore, notice is not an issue to be addressed at trial.

    The issues that remain for trial are Kiman's claims that the DOC violated Title II of the ADA by failing to provide him with his prescribed medications in a consistent manner, by failing to honor his front cuff pass, and by failing to house him on a lower tier and in a modified cell.

<u>Conclusion</u>

To the extent the clarification provided in this order alters either party's theory of the case, the parties may file supplemental pretrial materials to address the claims as clarified **on or before March 4, 2008.**

SO ORDERED.

                                                 */s/Joseph A. DiClerico, Jr.*
                                                 Joseph A. DiClerico, Jr.
                                                 United States District Judge

February 27, 2008

cc:
Nancy Sue Tierney, Esq.
Mary E. Maloney, Esq.
Glenn A. Perlow, Esq.