UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Matthew Kiman

    v.                                  Civil No. 01-cv-134-JD

New Hampshire Department
of Corrections


O R D E R

After reviewing the parties' pretrial filings, the court issued an order clarifying the summary judgment order issued on August 1, 2007, with respect to the notice requirement for Kiman's three remaining claims under Title II of the Americans with Disabilities Act ("ADA"). In that order, the court explained that the question of notice had been resolved in the August 1, 2007, order and would not be addressed at trial. The New Hampshire Department of Corrections ("DOC") moves for reconsideration, arguing that the court improperly resolved disputed factual issues and mistakenly characterized Kiman's claim pertaining to his access to medications as a modification claim rather than a services claim. Kiman has filed an objection to the DOC's motion for reconsideration.[1] The parties have also

---

[1]Kiman primarily objects to reconsideration on grounds that the standard of review and procedural requirements preclude the DOC's arguments. Because the court issued the clarification order sua sponte, Kiman's objections are largely inapposite.

filed motions in limine.

I. <u>Motion for Reconsideration</u>

The DOC does not contest that Kiman was disabled within the meaning of the ADA while he was incarcerated between September of 1998 and January of 1999.  The DOC contests Kiman's claim that because of his disability, he needed housing on a lower tier and in a cell with handicap facilities.  As the court stated in the summary judgment order and in the clarification order, although Kiman's disability and its effects on his mobility were obvious, which satisfies the ADA notice requirement, the degree of his disability, whether he needed the modification of housing on a lower tier or in a modified cell, and whether such modifications would have been reasonable are unresolved issues.  Therefore, reconsideration of the notice issue is not necessary.

The DOC also contends that the court has reconfigured, erroneously, one of Kiman's claims.  Specifically, the DOC argues that Kiman's claim that the DOC failed to provide him with his prescribed medications in a regular and consistent manner is a claim for the denial of services not a claim for the denial of a modification.  The DOC further asserts that a denial of services claim requires proof of intentional discrimination.

The court has reviewed the case the DOC cites in support of

its theory that intentional discrimination is an element of a Title II services claim.  See McNally v. Prison Health Servs., 46 F. Supp. 2d 49, 58-59 (D. Me. 1999).  McNally, however, did not require proof of intentional discrimination to support a Title II claim for denial of services.  In fact, McNally does not distinguish between Title II claims for services and modifications, although the court did distinguish between a claim challenging the adequacy of medical care, which is not actionable under the ADA, and a claim alleging the denial of medical care, which is actionable under the ADA.  Id. at 58.  See also Kiman v. N.H. Dep't of Corrs., 451 F.3d 274, 284-85 (1st Cir. 2006) (distinguishing between claims based on negligent medical care and discriminatory medical care).  Proof of intentional discrimination or discriminatory animus based on the plaintiff's disability is necessary, however, to support a claim for non-economic damages.  Carmona-Rivera v. Puerto Rico, 464 F.3d 14, 17 (1st Cir. 2006).

   Although the First Circuit has not addressed the issue, other circuits have distinguished among ADA Title II claims as follows:  "Thus, courts have construed Title II of the ADA to allow a plaintiff to pursue three distinct grounds for relief: (1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) failure to make reasonable

3

accommodations."  <u>A Helping Hand, LLC v. Baltimore County, Md.</u>, ---- F.3d ---, 2008 WL 366780 at *5 (4th Cir. Feb. 12, 2008) (citing cases).  A plaintiff may bring a reasonable accommodation claim under Title II without proving either disparate treatment, which requires proof of intentional discrimination, or disparate impact.  <u>Wisc. Community Servs., Inc. v. City of Milwaukee</u>, 465 F.3d 737, 753 (7th Cir. 2006); <u>see also</u> <u>Ability Ctr. of Greater Toledo v. City of Sandusky</u>, 385 F.3d 901, 908 (6th Cir. 2004) (noting that Title II extends beyond intentional discrimination based on disability).

   In his complaint, Kiman alleged two ADA Title II claims.  In Count I, he alleged that the DOC failed to provide timely treatment for his disease and failed to have his disease diagnosed in a timely manner.  In Count II, he alleged that the DOC failed to provide him with certain listed accommodations for his disability, which did not include a failure to provide him with consistent access to medications.  Instead, Kiman raised that claim in Count III, titled "FAILURE TO PROVIDE PRESCRIBED MEDICATIONS."  In Count III, Kiman did not mention the ADA and instead alleged that he was denied his medications on numerous occasions due to the corrections officers' negligence or their "inability or malicious refusal to provide them."  Am. Compl. ¶ 24.  At the end of his complaint, Kiman identified his claim that

4

he was not provided his prescribed medications as a negligence claim.  Therefore, as pled, Kiman's medications claim was a state law negligence claim.

The district court dismissed Kiman's ADA claims as barred by the Eleventh Amendment and declined to exercise supplemental jurisdiction over Kiman's state law claims.  Kiman v. N.H. Dep't of Corrs., 2001 WL 1636431 (D.N.H. Dec. 19, 2001).  After the First Circuit reversed and remanded the case, the district court granted summary judgment to the DOC on Kiman's Title II claims, identifying those claims as his first and second causes of action, in which he alleged that he was denied timely diagnosis and treatment and second that he was denied reasonable modifications of a cane, an early chow pass, a front cuff pass, a shower chair, a bottom bunk, a first tier assignment, and a handicap-equipped shower.  Kiman v. N.H. Dep't of Corrs., 2005 WL 3704277 (D.N.H. May 25, 2005).  The court again declined to exercise supplemental jurisdiction over Kiman's state law claims.

In the order reversing summary judgment, the First Circuit noted that the district court did not address Kiman's claim that he was denied consistent access to his medications under the ADA.  Kiman, 451 F.3d at 283.  Nevertheless, the appeals court incorporated the medications claim, without explanation, into Kiman's ADA claims.  Id. at 286-87.  The court ruled that

although the ADA did not cover Kiman's claims for improper treatment and diagnosis, which were essentially medical negligence claims, the ADA covered the medications claim because providing prescription medications is a service and the failure to provide Kiman's medications was "an outright denial of medical services."  Id. at 287.  The court concluded that "Kiman may have demonstrated a triable issue of fact as to whether some corrections officers and prison medical officials failed to provide him with access to his prescription medications in violation of Title II of the ADA."  Id. at 287.

On remand, this court considered the DOC's motion for summary judgment on Kiman's remaining claims.  Kiman's claim that he was denied access to his prescribed medications was analyzed as both a state law negligence claim and as an ADA claim.  Summary judgment was granted on both of Kiman's state law negligence claims because he lacked an expert witness to prove those claims.  Kiman v. N.H. Dep't of Corrs., 2007 WL 2247843 at *14 (D.N.H. Aug. 1, 2007).  In the ADA context, the claim was addressed under the Title II notice requirement, which is applicable to modification claims.  Id. at *12.  The DOC did not seek reconsideration or clarification of that part of the order

that identified the medications claim as seeking a modification.[2]

Kiman's medications claim was discussed at the final pretrial conference held on March 7, 2008. Acknowledging the confusing procedural history pertaining to that claim, the court concludes that it is best addressed as a claim seeking a modification of the prison's policy or practice for dispensing medications. The medications claim, understood in that context, is that the DOC failed to provide Kiman with his prescribed medications in a regular and consistent manner, as a reasonable modification to the prison's policy or practice, in order to accommodate Kiman's disability. To prove liability, Kiman need not prove that the DOC intentionally discriminated against him because of his disability, although proof of discriminatory animus will be necessary to support a claim for non-economic damages.

II. Motions in Limine

Kiman and the DOC have each filed motions in limine, addressing evidence for trial, jury instructions, and witnesses.

---

[2] In fact, the DOC argues here that the court improperly found that the notice requirement had been met.

A. <u>DOC's motion to Exclude Certain Testimony and Evidence</u>

The DOC moves to exclude all evidence pertaining to claims and issues that have been resolved in this case and to Kiman's periods of incarceration before September of 1998. Kiman did not file a response to the DOC's motion.

Kiman will not be permitted to try issues that have been resolved against him. Evidence pertaining to those matters, which include whether Kiman received appropriate medical care and treatment, whether he was assigned to a lower bunk, whether he was allowed to use a cane, whether he was given an early chow pass, and whether he was provided a chair for showering, is not admissible unless shown to be relevant to one of the three issues that remain in this case. Because of the limitations period, no evidence of Kiman's prison experiences prior to September of 1998 will be permitted. Kiman will not be permitted to testify about matters that have been resolved.

B. <u>Motion in Limine to Pre-instruct the Jury</u>

The DOC asks that the jury be instructed at the beginning of trial about facts and issues that have been resolved in this case. Kiman did not file a response.

The jury will not be instructed about prior events in this case. Evidentiary issues will be addressed at trial.

8

C.  <u>Kiman's Motion to Transport</u>

Kiman states that some of his witnesses are incarcerated in New Hampshire and other states.  He asks that those witnesses be permitted to testify by telephone or that the DOC be ordered to provide for their transport to Concord for trial.  The DOC objects to the motion on the grounds that a witness's demeanor cannot be evaluated by the jury if testimony by telephone is permitted and that Kiman failed to comply with the requirements of Local Rule 45.2 for in forma pauperis litigants to obtain assistance in subpoenaing witnesses for trial.

This issue was discussed at the final pretrial conference. Witnesses incarcerated in New Hampshire may be able to testify by video conference or in person.  However, because of the logistics involved in having inmates testify, Kiman first must demonstrate that the potential inmate witness is expected to provide relevant evidence.  Therefore, Kiman must provide a written proffer to the court and the DOC by **Friday, March 14, 2008,** of the testimony he expects to elicit from any potential inmate witness.  If the expected testimony is deemed relevant by the court, the DOC will be given the opportunity to address the logistical matters.

As to any witnesses incarcerated outside of New Hampshire, Kiman must do the following:  (1) determine whether the witness is within the subpoena power of the court; (2) determine whether

the witness can testify via video conference; (3) provide the court and the DOC with a written proffer of the testimony he expects to elicit from such witness by **Friday, March 14, 2008.** If the expected testimony is deemed relevant by the court and can be presented by video conference, Kiman can present it.

Kiman, who is represented by counsel, has had years to prepare his case. There was ample time to obtain oral and video depositions of witnesses who, for whatever reason, could not be available for trial. Instead, Kiman has waited until the eleventh hour to prepare his case and must live with the consequences that may follow from that.

D.  Kiman's Motion in Limine for Service of Process

Kiman asks the court to order the DOC to serve a list of eighteen people, who he has identified as potential witnesses at trial. The DOC objects. This issue was also discussed at the final pretrial conference.

Many of the listed potential witnesses were defendants in this case until August of 2007 when the individual defendants were dismissed on summary judgment. During the ten years of litigation in this case, Kiman never deposed any of the individual defendants on the list. Kiman also has not attempted to contact any of the potential witnesses who were not parties.

Counsel for the DOC also stated that many of the listed witnesses claim to have no knowledge about the issues in this case.

To the extent Kiman asks the DOC to produce its current employees as witnesses at trial, Kiman must provide a written proffer to the court and the DOC by **Friday, March 14, 2008,** of the testimony he expects to elicit from any potential DOC employee witness. If the expected testimony is deemed relevant by the court, the DOC shall produce those employee witnesses. The DOC is not expected to locate or to serve other potential witnesses for Kiman who are no longer employees or no longer incarcerated as New Hampshire prisoners.

E.   Kiman's Motion in Limine to Preinstruct the Jury

Kiman asks that the jury be given a preliminary instruction about the ADA notice requirement, that ALS is a recognized disability under the ADA, and that he suffers from ALS. The DOC objects to that part of the requested instruction pertaining to notice. Because notice is no longer an issue in this case, no instruction on notice is appropriate.

With respect to a preliminary instruction about Kiman's illness, the DOC does not dispute that Kiman was disabled during the time in question. Counsel shall confer about an appropriate and agreed instruction to inform the jury about Kiman's illness.

11

Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 131) is denied. The defendant's motion in limine to exclude evidence (doc. no. 109) is granted, and the motion to preinstruct the jury (doc. no. 110) is denied.

The plaintiff's motion in limine to transport or permit testimony by telephone (doc. no. 113) is granted to the limited extent and with the deadline provided in this order. The plaintiff's motion in limine to serve (document no. 114) is denied, although the DOC will produce its employees who have relevant testimony if the procedure provided in this order is followed. His motion to preinstruct the jury (doc. no. 115) is granted to the extent that the jury may be given a preliminary instruction about the plaintiff's illness if the parties provide the court with an agreed statement.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 10, 2008

cc:  Nancy Sue Tierney, Esq.
     Mary Maloney, Esq.
     Glen Perlow, Esq.